**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
DAVID GRAHAM, JR.,                   )
                                                    )
            Petitioner,                          )
                                                    )
            v.                                       )
                                                    )        Civ. Action No. 14-1567 (ABJ)
FCC COLEMAN USP II WARDEN,  )
                                                    )
            Respondent.                        )
_____ )

**<u>MEMORANDUM OPINION</u>**

Petitioner David Graham, Jr., has brought a petition for a writ of habeas corpus under 28

U.S.C. § 2254 to challenge his 2006 murder conviction in the Superior Court of the District of

Columbia.  Pet. [Dkt. # 1].  Petitioner claims that he was denied the effective assistance of

counsel at trial and on direct appeal.  The United States contends that the petition should be

denied because (1) the Court lacks jurisdiction over the claim based on trial counsel's

ineffectiveness, and (2) the claim based on appellate counsel's ineffectiveness is procedurally

barred.  United States' Opp'n to Pet'r's  Pet. for Writ of Habeas at 1 [Dkt. # 10].  The Court

agrees with both points.   Accordingly, the petition will be denied for the reasons explained below.

**I.      BACKGROUND**

On May 9, 2006, a Superior Court jury convicted petitioner of first-degree murder while

armed, possession of a firearm during a crime of violence, and carrying a pistol without a license.

Petitioner was sentenced on August 1, 2006 to a prison term of 600 months.  Pet. at 1.  The

1

conviction arose from the shooting death of Kamau Walker on December 12, 2001, at his residence. *See Graham v. United States*, 12 A.3d 1159, 1162 (D.C. 2011). The D.C. Court of Appeals ("DCCA") affirmed petitioner's conviction on February 10, 2011. The DCCA subsequently affirmed the Superior Court's denial of petitioner's collateral motion under D.C. Code § 23-110, and it later denied petitioner's motion to recall the mandate affirming the convictions. *See* Pet. at 4-5.

### A.   Direct Appeal

On direct appeal, petitioner challenged the sufficiency of the evidence identifying him as the shooter, particularly the eyewitness testimony of his friend Derrick McCray. Petitioner argued, among other things, that McCray's testimony was unreliable because he "changed his account of events and was influenced by a plea agreement with the government." *Graham*, 12 A.3d at 1163. Petitioner also challenged the admission of another government witness's statement identifying him to the police on the night of the shooting, and he challenged the trial court's use of a flight instruction as unsupported by the evidence, unduly prejudicial, and flawed. *See id.* at 1164-68. The DCCA rejected each challenge and affirmed the convictions. In doing so, the court held that since McCray's testimony was not "inherently incredible," his testimony alone was sufficient to convict petitioner notwithstanding other contradictory testimony. *Id*. at 1163-64.

### B.   Collateral Motion

On October 25, 2010, while the direct appeal was pending, petitioner filed his D.C. Code § 23-110 motion in the trial court. He claimed that his trial counsel was ineffective in failing, among other things, "to conduct an adequate pretrial investigation . . ., request[] a *Franks* hearing . . ., and object to the voluntary manslaughter jury instruction." *United States v. Graham*, No. F

5576-03, Order at 4 (Super. Ct. June 6, 2011) [Dkt. # 1-1, ECF pp. 20-28].   Petitioner also alleged prosecutorial misconduct and ineffective assistance of appellate counsel.   *See* Order at 4.[1]   In its decision issued after the direct appeal had concluded, the trial court noted that the DCCA had "considered and rejected many of the claims that Graham makes in his motion," and it found petitioner's claim that trial counsel was ineffective to be "vague, conclusory, and unsupported in the record."   *Id*. at 9.   The trial court further noted that petitioner had "failed to establish how [the alleged] omissions – should they exist – prejudiced him to the extent that he was denied a fair trial."   *Id*. n.5.   The court also denied petitioner's prosecutorial misconduct claim as vague, conclusory and unsupported, and it denied his claim of ineffective assistance of appellate counsel as unavailable under a § 23-110 motion.   *Id*. at 8.

### C.   Recall Motion

On April 6, 2012, petitioner filed a motion in the DCCA to recall the mandate, in which he raised ineffective assistance of appellate counsel.   Petitioner faulted appellate counsel for failing to raise as error the trial court's giving of a "seriously flawed" voluntary manslaughter instruction.   Resp't's Ex. A, Mot. to Recall Mandate at 3-7 [Dkt. # 10-1].   In addition, petitioner claimed that appellate counsel was ineffective for failing to hold the appeal in abeyance and file a § 23-110 motion based on trial counsel's failure allegedly "to perform a reasonable factual and legal investigation of the case" on four critical issues set out in the motion.   *Id*. at 7-8.   Finally, petitioner renewed his prosecutorial misconduct claim by suggesting that the plea agreement under which McCray testified in exchange for a reduced sentence constituted a corrupt bargain that

---

[1]   Unless indicated by an "ECF" page designation, the court will cite the actual page number in the respective document.

3

violated criminal law.   *See id*. at 9-10.   The DCCA denied petitioner's recall motion on August

20, 2013 and declared:

> The issues raised in appellant's motion to recall the mandate have been
> addressed and rejected by this court in Appeal No. 11-CO-772[2]; therefore,
> there is no basis to recall the mandate. *Diamen v. United States,* 725 A.2d
> 501, 509 (D.C. 1999) (stating that "[i]t is well-settled that where an appellate
> court has disposed of an issue on appeal, [that issue] will not be considered
> afresh on collateral attack in a trial court of the same judicial system, absent
> special circumstances. We are also bound by the related rule that one
> division of the court cannot overrule the decision of a prior division"
> (citation omitted)).

Resp't's Ex. B, *Graham v. United States*, No. 06-CF-995 (D.C. Aug. 20, 2013) (per curiam) [Dkt.

# 10-2].

### D.   The Current Habeas Petition

In this action, petitioner contends that he is asserting "a straight forward issue that he was

deprived of his constitutional right to effective assistance of counsel, where his appellant [sic]

counsel failed to challenge the denial [of] his probable cause hearing that he preserved in pre-trial

proceedings in the District of Columbia Superior Court held on October 6, 2003."   Pet'r's Supp.'g

Mem. at 9 [Dkt. # 1, ECF No. 15-31].   Petitioner alleges that during his probable cause hearing,

the government "knowingly . . . provided materially false statements and prejudicial testimony . . .

in acquiring an arrest warrant and the criminal indictment through the grand jury process."

Petitioner seems to argue that the trial court's refusal to conduct a hearing was contrary to *Franks*

*v. Delaware*, 438 U.S. 154 (1978), and that appellate counsel therefore was ineffective for failing

to raise the issue on direct appeal.   *See* Pet'r's Supp'g Mem. at 9-15, citing *Franks*, 438 U.S. at

---

[2]   Appeal No. 11-CO-772 was assigned petitioner's appeal of the denial of his § 23-110 motion.
*See* Pet. at 4 ¶ 11(b).   Although neither party has supplied the DCCA's unpublished decision, it is
undisputed that the trial court's decision was affirmed on August 21, 2012.   *See* Resp't's Opp'n. at
3.

155-56 ("where the [criminal] defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request").

## II.   ANALYSIS

### A.   Ineffective Assistance of Trial Counsel and Trial Error

This Court is only authorized to entertain a D.C. prisoner's claim of trial court error or ineffective assistance of trial counsel in limited circumstances. *Blount v. United States*, 69 F. Supp. 3d 242, 245 (D.D.C. 2014), citing *Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009). This is because D.C. Code § 23-110(g) "entirely divest[s] the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a [§] 23-110 remedy available to them, unless the petitioner could show that the [§] 23-110 remedy was 'inadequate or ineffective.'" *Blount*, 69 F. Supp. 3d at 245, quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (brackets in original).

A "motion to vacate sentence under [§] 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel." *Garmon v. United States*, 684 A.2d 327, 329 n.3 (D.C. 1996); *see accord Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006).   In addition, a claim "arising from alleged prosecutorial misconduct" may be raised under § 23-110.   *Saunders v. United States*, 72 F. Supp. 3d 105, 109 (D.D.C. 2014).   The record establishes petitioner's pursuit of that remedy; the mere fact that he was not successful in the D.C. courts does not render it inadequate or ineffective.   *Plummer v. Fenty*, 321 Fed. Appx. 7, 8 (D.C. Cir. 2009) (per curiam), citing *Garris v. Lindsay*, 794 F.2d 722, 725-26 (D.C. Cir. 1986) (per curiam); *see accord Richardson v. United States*, 999 F. Supp. 2d 44, 47 (D.D.C. 2013).   So, this Court lacks jurisdiction over the claim that

trial counsel was ineffective, as well as the claim of prosecutorial misconduct advanced in petitioner's "Amended/Supplemental Motion to the Above Civil Action" [Dkt. # 15].[3]

### B.   Ineffective Assistance of Appellate Counsel

The government contends that the claim that appellate counsel was ineffective is barred because it is predicated solely on the new *Franks* issue, *see* Pet. ¶ 12, which was not included in the recall motion and thus not exhausted at the state level, *see* Resp't's Opp'n at 7.   Section 2254 provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id*. § 2254(b)(1).[4]

The purpose of the exhaustion requirement is to "give the state courts [a fair] opportunity to act on [a state prisoner's constitutional] claims before he presents those claims to a federal court in a habeas petition," and to "provide any necessary relief."   *O'Sullivan v. Boerckel*, 526 U.S. 838,

---

[3]   To the extent that petitioner asserts that his actual innocence claim compels federal court review, *see* Pet'r's Traverse at 1-4 [Dkt. # 12], he is mistaken since such claims are cognizable under D.C. Code § 23-110.   *See Earle v. United States*, 987 F. Supp. 2d 7, 11 (D.D.C. 2013), quoting *Ibrahim v. United States*, 661 F.3d 1141, 1143 (D.C. Cir. 2011) (finding jurisdiction lacking to consider claim of actual innocence "whether asserted as a 'gateway' claim to federal court review or as a 'stand-alone' claim—because 'either claim' is available under D.C. Code § 23-110").

[4]   The Antiterrorism and Effective Death Penalty Act of 1996 "recognizes that a court of the District is a state court."   *Head v. Wilson*, 792 F.3d 102, 106 n.3 (D.C. Cir. 2015) (citations and internal quotation marks omitted).

842, 844 (1999).   In order to obtain federal court review, then, a petitioner typically must "have presented to the state court 'both the factual and legal premises of the claim he asserts in federal court.'"   *Pulinario v. Goord*, 291 F. Supp. 2d 154, 171 (E.D.N.Y. 2003), *aff'd*, 118 Fed. App'x 554 (2d Cir. 2004), quoting *Daye v. Attorney General*, 696 F.3d 186, 191 (2d Cir. 1982) (en banc). And he cannot advance one theory in state court and a completely different theory in federal court. *See, e.g., Turentine v. Miller*, 80 F.3d 222, 225-26 (7th Cir. 1996) (finding habeas review of Fourth Amendment claims precluded where "Turentine emphasize[d] [in federal court] the warrantless entry into the home and the subsequent search.   But before the Indiana Court of Appeals his argument concentrated almost exclusively on his arrest without probable cause").

"In the District of Columbia, challenges to the effectiveness of appellate counsel are properly raised through a motion to recall the Court of Appeals' mandate" affirming the conviction.   *Reyes*, 432 F. Supp. 2d at 3 (citing *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc); D.C. App. R. 41(c)).   Such motions are the recognized route to obtaining federal court review of challenges to appellate counsel's performance.   *Williams*, 586 F. 3d at 1000 (noting that "D.C. prisoners who challenge the effectiveness of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get a second bite at the apple in federal court").

Petitioner insists that he raised the *Franks* issue "prior to trial and at every post-conviction proceeding since."   Pet'r's Traverse at 1.   He points to two specific arguments in the recall motion -- Points One and Two -- but neither supports his position.   Both arguments fell under the heading, "Other Issues of Ineffectiveness."   Recall Mot. at 7-10.   Point One was based on appellate counsel's failure to file a § 23-110 motion based on trial counsel's failure to investigate the facts that supposedly would have placed petitioner elsewhere at the time of the crime and

supported his innocence.[5]  *Id.* at 8-9.   And Point Two related to petitioner's contention that the government's main witness "changed his stories overtime, and did so in order [to] come from under a life sentence himself."  *Id.* at 9.

In other words, petitioner has not pointed to anything in the recall motion that hints of a *Franks* violation.   There is no citation or reference of any kind to *Franks*, and there is no mention of the Fourth amendment.   *See Franks*, 438 U.S. at 155 ("This case presents an important and longstanding issue of Fourth Amendment law."); *cf. Turentine*, 80 F.3d at 225, citing *Payton v. New York*, 445 U.S. 573 (1980) (finding "threshold requirement of clearly presenting . . . Fourth Amendment claims to the state courts [not satisfied where petitioner] did not even cite *Payton*" in his brief to the Indiana Court of Appeals).   Since petitioner failed to put this aspect of his appellate counsel's alleged ineffectiveness before the DCCA, the Court agrees that this ground for relief was not exhausted and is procedurally barred.[6]

---

[5]    On collateral review, the trial court noted that petitioner had provided no corroborating evidence, *e.g.*, cell phone records or taxicab records, to show that he was not at the crime scene "at the time of the murder."   The court found that petitioner's admission that he was in the area but left before the incident did not "alone . . . contradict testimony from three eyewitnesses that the defendant was at the scene . . . two hours after he claims that he departed in a taxicab.   Indeed, the testimony suggests that Graham had an earlier altercation with Walker, and that the shooting took place minutes after he arrived at the decedent's residence."   June 6, 2011 Order at 4-5 [Dkt. # 1-1].

[6]    On collateral review, the trial court explained the *Franks* claim as follows:

> Graham asserts that counsel should have requested a *Franks* hearing to challenge the validity of the information which supported the arrest warrant. He maintains that the testimony which Detective Voysest provided at the preliminary hearing establishes that the government paid McCray for false information. Detective Voysest testified that the arrest warrant was based in part on information that McCray provided and that McCray was under a cooperation agreement. However, he never testified that McCray provided false information or suggested that police reliance on the information recklessly disregarded the truth. In fact, the arrest warrant was also based on

## CONCLUSION

Petitioner's claims predicated on trial counsel's performance and trial errors are barred by D.C. Code § 23-110(g), and petitioner failed to exhaust his claim of ineffective assistance of appellate counsel by presenting the underlying issue to the state court.   Accordingly, the petition will be denied.   An order will issue separately.


*Amy B Jack*

AMY BERMAN JACKSON
United States District Judge

DATE:   May 20, 2016

---

other evidence which corroborated McCray's account and which was presented at trial. In summary, the record does not support the claim that trial counsel was deficient for failing to request a hearing under *Franks*. As a result, this argument does not substantiate a claim of ineffective assistance of counsel and fails to provide a basis for relief.

June 6, 2011 Order at 6-7, applying *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   The trial court's rejection of petitioner's trial counsel ineffectiveness claim and the DCCA's affirmance of that decision undermine any notion that this Court could find for petitioner on the merits of the appellate counsel claim under § 2254's deferential standard of review.   *See Woods v. Etherton*, ___ U.S. ___, 136 S. Ct. 1149, 1151 (2016) (per curiam) ("When the claim at issue is one for ineffective assistance of counsel . . . [§ 2254] review is doubly deferential . . . . In such circumstances, federal courts are to afford both the state court and the defense attorney the benefit of the doubt.") (citation and internal quotation marks omitted); *see also Smith v. Robbins*, 528 U.S. 259, 288 (2000) (noting that since appellate counsel "may select from among [nonfrivolous claims] in order to maximize the likelihood of success on appeal," it is difficult to demonstrate deficient performance under *Strickland* where, as here, counsel filed a merits brief but failed to raise a particular claim).